UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HALAS WILBOURN, | ) |
| | ) |
| | ) No: 14 CV 6327 |
| | ) |
| vs. | ) Jury Demand |
| | ) |
| CHICAGO TRANSIT AUTHORITY, | ) |
| | ) |

**COMPLAINT**
**AS AND FOR A FIRST CAUSE OF ACTION**
**(DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT)**

**NATURE OF ACTION**

1. This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability (handicap) by **CHICAGO TRANSIT AUTHORITY** ("CTA" or Defendant") taken against **HALAS WILBOURN,** ("WILBOURN" or "Plaintiff) a qualified individual with a disability, to make him whole for said unlawful practices.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. & & 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12111, which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § § 2000e-5 (f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981(A) . The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern

District of Illinois, Eastern Division.

## PARTIES

3. WILBOURN is an adult person and a resident of Chicago, Cook County, State of Illinois, WILBOURN was an employee of CTA from November 1990 until December 17. 2102.

4. At all times relevant, CTA is a body politic in the public domain and organized under the laws of Illinois.

5. CTA is an employer within the meaning of the ACT and has been at all times material to the allegations herein.

6. CTA is an employer as that term is defined under the American Disability Act at all times material to the allegations herein and WILBOURN has a permanent mental disability after a work injury causing him difficulty in understanding some commands and that substantially limits one or more of his major life activities, but said disability is not related to his ability to perform the essential functions of his assigned duties with CTA if given a position that allows him more opportunity to understand work commands.

## STATEMENT OF CLAIMS

7. Despite CTA listing itself as an equal employment company and having a company policy against Discrimination to the disabled, CTA intentionally discriminated against WILBOURN because of WILBOURN'S disability by refusing to provide minimal accommodation required by him, and by CTA'S policy and practice of not accommodating, on many occasions, the mental needs of the WILBOURN.

8. WILBOURN is a "qualified individual with a disability" within the meaning of the ADA because he can, with reasonable accommodations, perform the essential functions of the job that he held in the employ of the CTA.

9. WILBOURN due to his disability has requested accommodations of light duty for which he was continually denied the relief thereunder.

10. The discriminatory action of CTA as set forth above has caused WILBOURN to suffer losses of earnings by his termination and, as proximate result of CTA'S unlawful and intentional discriminatory actions against WILBOURN as alleged above. As a further proximate result of CTA'S unlawful and intentional discriminatory actions against WILBOURN, as alleged above, WILBOURN has been harmed in that WILBOURN has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.

11. WILBOURN filed a discrimination charge against CTA with the Equal Employment Opportunity Commission (EEOC). That charge was timely filed under the ADA on September 30, 2013 (see Exhibit "A").

12. On May 22, 2014, WILBOURN received notice from the EEOC of his right to bring this action (see Exhibit "B"), and WILBOURN has timely filed this action.

## AS AND FOR THE SECOND CAUSE OF ACTION
## AGE DISCRIMINATION IN VIOLATION TO THE ADEA

13. WILBOURN repeats and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

## JURISDICTION AND VENUE

14. WILBOURN brings this action for benefits under the Age Discrimination in Employment Act of 1967 (hereinafter sometimes referred to as the ADEA), 29 U.S.C. § 621-634, under the specific provisions of the Age Discrimination in Employment Act, viz. 29 U.S.C. § 626(c).

15. Jurisdiction of this action is conferred upon the Court by Section 7(b) of the Age

Discrimination in Employment Act, 29 U.S.C. § 626 (b) and Venue 28 U.S.C. § 1331.

## FACTUAL BASIS

16. Continuously CTA discriminated against WILBOURN because of his age and treated him differently than younger non-protected employees of CTA. Further, CTA discharged, terminated, and otherwise discriminated against WILBOURN because of his age (DOB 09/01/1968).

22. CTA treated WILBOURN differently than other younger employees whom received better jobs and employment treatment.

23. WILBOURN protested his unlawful termination and filed charges of the discrimination herein alleged with the Equal Employment Opportunity Commission as set forth above.

24. CTA'S violation of the Age Discrimination Act of 1967 and has proximately caused the WILBOURN to suffer damages.

25. CTA'S violation of WILBOURN'S rights were willful and reckless.

## PRAYER FOR RELIEF

WHEREFORE, WILBOURN prays for judgment as follows:

1. Declare the conduct engaged in by CTA to be in violation of WILBOURN'S rights;

2. For injunctive relief, including but not limited to, reinstatement and relief required to make WILBOURN whole for the losses caused by the violations of CTA;

3. For lost wages and compensatory damages in an amount according to proof;

4. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the

Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

   5. For such other and further relief as the court deems proper.

HALAS WILBOURN

BY:/s/ **<u>Michael T. Smith</u>**
Michael T. Smith
Trial Attorney

Michael T. Smith
440 W. Irving Park Road
Roselle, IL 60172
(847) 895-0626