UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HALAS WILBOURN, | |
| Plaintiff, | No. 14 CV 6327 |
| v. | Judge James B. Zagel |
| CHICAGO TRANSIT AUTHORITY, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Halas Wilbourn ("Plaintiff") filed this action against Defendant Chicago Transit Authority ("CTA") on August 16, 2014, alleging that CTA failed to accommodate his disability under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"). This matter is presently before the court on Defendant's motion to dismiss the Amended Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, I grant Defendant's motion.

## BACKGROUND

Plaintiff is a resident of Chicago and former CTA employee who began working as a switchman on November 26, 1990. After sustaining a head injury on the job in July 2009, Plaintiff was diagnosed with short-term memory impairment and major depression. Plaintiff sent medical documentation related to his treatment to CTA and was placed on medical leave, but did not receive any additional correspondence from CTA until he received a letter terminating his employment on December 17, 2012. Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission on September 30, 2013 and received notice of his right to bring this action against CTA on May 22, 2014.

1

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) does not test the merits of a claim; rather, it tests the sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding a 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. *Id.* at 1521. To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Finally, the standard for deciding a 12(b)(6) motion does not change for an employment discrimination case. *See Lasisi v. Follett Higher Educ. Grp., Inc.*, No. 13 C 5293, 2014 WL 582186, at *2 (N.D. Ill. Feb. 14, 2014) (applying *Ashcroft* standard and holding, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Rule 8).

**DISCUSSION**

The ADA requires employers to make "reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [employers] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [employers]." *Bunn v. Khoury Enterprises, Inc.*, 753 F.3d 676, 682 (7th Cir. 2014) (citing 42 U.S.C. § 12112(b)(5)(A)). To establish a failure to accommodate claim under the ADA, "a plaintiff must show that: (1) she is a qualified individual with a disability; (2) the employer was aware of her disability; and (3) the

employer failed to reasonably accommodate the disability." *Cloe v. City of Indianapolis*, 712 F.3d 1171, 1176 (7th Cir. 2013).

After reviewing Plaintiff's Amended Complaint, it is clear that Plaintiff failed to plead sufficient facts to plausibly demonstrate that CTA failed to accommodate his disability under the ADA. Instead of providing factual detail, Plaintiff's allegations are simply formulaic recitations of the elements of a failure to accommodate claim devoid of factual detail. Legal conclusions, without factual enhancement, are insufficient under this Court's current pleading standards.

Specifically, the Amended Complaint falls short of demonstrating a plausible cause of action for two reasons. First, Plaintiff did not sufficiently plead any facts showing that he is a qualified individual. Although Plaintiff sufficiently alleged his disability—memory impairment and major depression—he failed to allege any facts that relate to him being a qualified individual after the accident occurred. A qualified individual means "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Kauffman v. Petersen Health Care VII, LLC*, 769 F.3d 958, 959 (7th Cir. 2014) (citing 42 U.S.C. § 12111(8)). When determining whether an individual is a "qualified individual," courts consider (1) whether an individual possesses skills, experience, education and other job-related requirements necessary for his employment position, and (2) whether he can perform essential functions of the position held or desired, with or without reasonable accommodation. *Budde v. Kane Cnty. Forest Pres.*, 597 F.3d 860, 862 (7th Cir. 2010) (citing 29 C.F.R. § 1630.2(m)). "Essential functions" are "fundamental job dut[ies] required of a person in the job the [individual with a disability] holds or desires" and are evidenced from factors such as job description or amount of time an employee spends to perform the duty. *Emerson v. N. States Power Co.*, 256 F.3d 506, 512 (7th Cir. 2001) (citing 29 C.F.R.

§§ 1630.2(n)(1) and (3)).

Here, Plaintiff did not allege any facts demonstrating that, after that accident, he had the requisite skills, experience, education, or other job-related requirements necessary to perform essential functions of his role as a switchman. Plaintiff attempts to overcome this deficiency in his response brief, where he asserts that "Plaintiff is a 'qualified individual' since he was able to perform the essential functions of jobs that are available by accommodation that the CTA was aware of positions Plaintiff could perform." This argument fails, however, because a plaintiff cannot supplement his deficient complaint in a response brief. Rather, consideration of motion to dismiss is limited to the pleading. *Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009) (holding that a plaintiff's attempt to supplement the complaint in his briefing was of no use); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1103 (7th Cir. 1984).

Even if the additional allegation found in Plaintiff's response brief was pled in the Amended Complaint, Plaintiff's Amended Complaint would still fail, because Plaintiff does not allege any factual details related to his ability to perform the essential functions of his job. It is unclear whether Plaintiff believes that he could have continued being a switchman or not. If the latter is true, which seems to be the more likely scenario, then Plaintiff should have alleged which other roles that he attempted to request, what their essential functions were, and what types of skills and experience he had that qualified him to perform such functions.

Second, Plaintiff did not allege any facts showing that he requested an accommodation or was exempt from this request requirement. In order to trigger the employer's liability under the ADA, an employee must request an accommodation from his employer unless he has mental disabilities that would make him unable to ask for an accommodation. *James v. Hyatt Regency Chicago*, 707 F.3d 775, 782 (7th Cir. 2013); *Jovanovic v. In-Sink-Erator Div. of Emerson Elec.*

4

*Co.*, 201 F.3d 894, 899 (7th Cir. 2000); *see Bultemeyer v. Fort Wayne Community Schools*, 100 F.3d 1281, 1285 (7th Cir.1996). In *Bultemeyer*, where an employee suffered from bipolar disorder, anxiety attacks, and paranoid schizophrenia, the court held that an employer had a duty to engage in an interactive process to find a reasonable accommodation even when the employee did not specifically request it, because the employee's failure to request was not "the deliberate actions of a mentally sound man" but "the product of mental illness." *Bultemeyer*, 100 F.3d at 1286. The inquiry is whether the nature of plaintiff's disability is such that he is unable to ask or does not know how to ask for accommodation. *See Jovanovic*, 201 F.3d at 899; *see also Johnson v. Foulds, Inc.*, 111 F.3d 133 (7th Cir. 1997).

Here, Plaintiff made no allegation in the Amended Complaint showing that he requested an accommodation to CTA or that the nature of his disability rendered him unable to request for one. Without alleging any facts regarding his request for an accommodation, Plaintiff attempts to assert the *Bultemeyer* exception by pleading the legal conclusion that CTA had an obligation to engage him in an interactive process because of his disability related to thinking and depression. Without additional factual detail about his diagnosis, it is not plausible that short-term memory impairment and depression would have disabled Plaintiff to the extent that he did not know how, or was unable, to ask CTA for an accommodation.

## CONCLUSION

Plaintiff failed to plead sufficient facts to plausibly demonstrate that CTA failed to accommodate his disability under the ADA. Accordingly, I grant Defendant's motion and dismiss the Amended Complaint.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: March 2, 2015